1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EMILIO REYES,

                                    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR, et. al.

                                    Defendants.

Case No.:  18cv00366 JAH-RBB

**ORDER DENYING PLAINTIFF'S
MOTION FOR FEES AND COSTS
[Doc. No. 36]**

Pending before the Court is Plaintiff's Motion for Fees and Costs pursuant to Federal Rule of Civil Procedure 54(d), 5 U.S.C. section 552(a)(4)(E)(i) and this Court's order granting his motion for voluntary dismissal.  Plaintiff argues he is entitled to an award of fees and costs because Defendants changed their position regarding his Freedom of Information Act ("FOIA") requests just before the Court was ready to render a decision favorable to him.  Under the FOIA, a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case. . .in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E).  A plaintiff has substantially prevailed if he obtained relief through either (I) an order, written agreement or consent decree or (II) "a voluntary or unilateral change in position by the agency."  *Id.*

Plaintiff maintains he filed two FOIA requests with the Office of Federal Acknowledgement but received no response within the 20-day deadline or any correspondence justifying an extension of the deadline, and although he was told he would

1

receive clarification letters when he sought a status on the outstanding requests, he received none.  He further maintains he filed administrative appeals but never received a decision. After filing the complaint in this matter, he contends Defendant waived fees associated with and produced documents responsive to his requests.

Because the agency changed its position by waiving fees and producing documents, he argues he is eligible to recover his fees and costs.  Plaintiff further argues that this action benefitted the public by ensuring the government has properly carried out its trust, fiduciary and statutory duties to San Pasqual and Gabrielino Tribes and he stands to gain nothing commercially from the documents requested.   Plaintiff also argues the fees and costs he seeks are reasonable.

Defendants argue Plaintiff cannot recover his fees because he was never represented by an attorney in this litigation and, instead, he represented himself and a *pro se,* non-attorney cannot recover attorney fees under the FOIA.  They maintain Plaintiff lists fees he paid a legal consultant but has not identified the consultant, described the consultant's relationship to this case, nor submitted billing records or records of payment for these fees. Therefore, they argue, there is not enough information to address the reasonableness nor appropriateness of these purported charges. Defendants also contends Plaintiff failed to seek to recover fees in his FOIA complaint.

Additionally, Defendants argue Plaintiff is not eligible or entitled to costs because Plaintiff cannot meet his burden of showing the lawsuit caused the agency to release records.  Defendants contend Plaintiff filed this case while they were reviewing over 11,000 records potentially responsive to Plaintiff's FOIA requests, many of which contained personal and private information such as dates of birth, addresses, and tribal affiliation.  The delay in production, they maintain, was due to the volume of the records as well as the private information contained therein, which required individual review. Defendants argue the Court's prior rulings on substantially similar arguments asserted by Plaintiff in related FOIA cases demonstrate there is no basis for Plaintiff's contention that this Court would have ruled in his favor in this case.

1

2   As noted by Defendants, "a pro se litigant may not recover attorney's fees under the

3   FOIA." *Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir.1986).

4   Accordingly, Plaintiff is not entitled to recover fees he incurred representing himself in this

5   action. Plaintiff's list of fees includes multiple entries for legal consultations. However,

6   no attorney made an appearance in this action. Even assuming these are attorney fees

7   recoverable under the statute, there is insufficient information for the Court to determine if

    these fees were reasonably incurred.

8   While a *pro se* litigant may not recover fees, a court may, in its discretion, award a

9   prevailing *pro* se plaintiff reasonably incurred costs. 5 U.S.C. § 552(a)(4)(E); *Carter*, 780

10  F.2d at 1482. Defendants demonstrate they were in the process of individually reviewing

11  the voluminous documents responsive to Plaintiff's requests when he filed the action

12  because many contained private information. This Court granted judgment in Defendants'

13  favor in Plaintiff's related cases[1] in which he sought similar information, upon finding the

14  privacy interests of withheld information outweighed the public interest in the information.

15  The Court's rulings in the related cases and Defendants' explanation that they were

16  reviewing the documents responsive to Plaintiff's requests when he filed the action do not

17  support Plaintiff's contention that the agency changed its position regarding his FOIA

18  requests just before the Court was going to find in his favor. Plaintiff fails to demonstrate

19  he substantially prevailed in this matter.

20  Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's motion for fees and

21  costs is **DENIED**.

22

23  DATED:    September 7, 2020

24

25  _____

26  JOHN A. HOUSTON
    United States District Judge

27  _____

28  [1] *Reyes v. U.S. Dep't of the Interior*, 17cv01418 JAH-RBB; 17cv01571 JAH-RBB.

18cv00366 JAH-RBB